UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DORIS J. GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-1187 |
| ) | |
| SUE SKAHILL, Director, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

Now before the Court is Plaintiff Doris Griffin's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* (D. 4) and Motion to Request Counsel (D. 5). For the reasons stated below, Plaintiff's motions are DENIED.

### BACKGROUND AND ANALYSIS

On August 13, 2021, Plaintiff filed an Amended Complaint alleging employment discrimination based on color, national origin, race, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and race under 42 U.S.C. § 1981, against Sue Skahill, director of Redeemer Lutheran Church Early Learning Center ("Redeemer"). (D. 4). Attached to the Amended Complaint was a charge of discrimination Plaintiff filed on November 3, 2020, with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment Opportunity Commission ("EEOC") against Redeemer alleging discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act. *Id.* at p. 7. On May 7, 2021, EEOC dismissed the charges "making no findings as to the merits" and issued a "right to sue" notice. *Id.* at p. 6.

On August 13, 2021, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") and Motion to Request Counsel. (D. 5; D. 6). Plaintiff's Application states her gross monthly wages are $100.00 and her monthly take-home pay is $85.00; however, the Application also indicates she is self-employed and makes $2,000.00 a month (ending September 2021) and $844.00 monthly in retirement, making Plaintiff's gross monthly wages $2,844.00. (D. 5, p. 1). The Application also states Plaintiff has $200.00 in savings, owns a 2006 Chevy Tahoe worth $3,500.00, and has no minor children. *Id.* at p. 2. Plaintiff claims $1,449.00 in monthly expenses, excluding unforeseen expenses. *Id.* The Application also claims Plaintiff is $11,205.00 in debt, but monthly payments on that debt was included in Plaintiff's expenses. *Id.* It is also unclear if the $10,000 student loan listed as a part of Plaintiff's debt is her debt or her daughter's, who recently graduated college and is unemployed.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." § 1915(a). Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." § 1915(d). A claim is frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Plaintiff's Application contains some untruths regarding her allegations of poverty. First, Plaintiff states her gross monthly income is $100.00, but then goes on to state that she

currently makes $2,844.00 a month between being self-employed and retirement. It also states that her regular monthly expenses total $1,449.00, leaving a surplus of approximately $1,395.00 each month. Even assuming that amount is further deducted for taxes and/or a monthly payment on her debt, the amount left would be sufficient to pay the filing fee. This is without taking into consideration Plaintiff's other assets.

Additionally, this Court is authorized to dismiss a case if it is frivolous because Plaintiff "can make no rational argument in law or fact to support [her] claims for relief." *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). Regarding Plaintiff's Title VII claims, Plaintiff cannot state a cognizable claim against Sue Skahill. A plaintiff "may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez v. Ford Motor Co.,* 937 F.3d 998, 1004 (7th Cir. 2019). The EEOC charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.*

Here, Plaintiff filed an EEOC charge against her employer, Redeemer, alleging discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. (D. 4, p. 7). Now before this Court is an Amended Complaint against Sue Skahill, a director at Redeemer, alleging discrimination based on color, national origin, and race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and discrimination based on race in violation of 42 U.S.C. § 1981. Not only is Sue Skahill not the named respondent in the EEOC charge, but Title VII does not include directors or supervisors in its definition of "employer" and has declined to impose personal liability against those individuals. *See Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not… fall within Title VII's definition of employer.").

Accordingly, Plaintiff's Title VII claims against Sue Skahill are considered frivolous as there is no arguable basis for relief against her individually. This Order makes no ruling on Plaintiff's § 1981 claim.

## CONCLUSION

For the reasons stated above, Plaintiff's [5] Motion for Leave to Proceed *in forma pauperis* is DENIED. Plaintiff's [6] Motion to Request Counsel is DENIED at this time. The Title VII claims contained in Plaintiff's [4] Amended Complaint against Sue Skahill are DISMISSED. Plaintiff has until September 8, 2021 to file an Amended Complaint, if she wishes to do so, and to pay the filing fee. If the filing fee is not received by September 8, 2021, this case will be dismissed.

ENTERED this 25th day of August, 2021.

       /s/ Michael M. Mihm
       Michael M. Mihm
       United States District Judge