UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DORIS J. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-1187 |
| | ) | |
| REDEEMER EARLY LEARNING CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is before the Court on Defendant Redeemer Early Learning Center's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"). (D. 20). For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND[1]

Presently before the Court is Plaintiff's Second Amended Complaint against Redeemer Early Learning Center, alleging employment discrimination based on color, national origin, and race under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and discrimination based on race under 42 U.S.C. § 1981. (D. 9). Specifically, Plaintiff alleges she was subjected to a hostile work environment, unfair and discriminatory labor practices, and salary disparity. *Id.* at p. 3. Plaintiff further claims she was terminated from her position as a preschool teacher in retaliation for reporting her supervisor's unfair and discriminatory labor practices. *Id.* at p. 4. Attached to the Second Amended Complaint were a copy of the charges Plaintiff filed with the IDHR and EEOC

---

[1] When reviewing a motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all reasonable inferences in favor of Plaintiff. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In addition to the complaint itself, on a motion to dismiss the Court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

against Redeemer, which alleged discrimination based on race and retaliation in violation of Title VII of the Civil Rights Act. *Id.* at pp. 6-7.

On February 18, 2022, Redeemer filed its Motion to Dismiss (D. 20) and Memorandum of Law in Support thereof (D. 21), seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). On March 28, 2022, Plaintiff filed a Response (D. 26), and on April 7, 2022, Defendant filed a Reply (D. 28). This Order follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In resolving the defendant's motion, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006).

## DISCUSSION

Defendant seeks dismissal of the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on the ministerial exception recognized in *Hosanna-Tabor Evangelical Lutheran Church and School v. E.E.O.C.,* 565 U.S. 171 (2012) and *Our Lady of Guadalupe School v. Morrissey-Berru,* 140 St. Ct. 2049 (2020). Under the ministerial exception, the Religion Clauses of the First Amendment sometimes forbid courts from intervening "in employment disputes involving teachers at religious schools who are entrusted with the

responsibility of instructing their students in the faith." *Our Lady of Guadalupe School,* 140 S. Ct. at 2055; *see also Hosanna-Tabor,* 565 U.S. 171.

In *Hosanna-Tabor,* the Supreme Court clarified that the ministerial exception is an affirmative defense, not a jurisdictional bar, stating:

> We conclude that the exception operates as an affirmative defense to an otherwise cognizable claim, not a jurisdictional bar. That is because the issue presented by the exception is "whether the allegations the plaintiff makes entitles him to relief," not whether the court has "power to hear [the] case."

565 U.S. at 206, n. 4 (internal citations omitted). Accordingly, the ministerial exception upon which Defendant relies give rise to an affirmative defense under Rule 12(b)(6), not a jurisdiction exclusion under Rule 12(b)(1).

As an affirmative defense, the ministerial exception provides a basis for dismissing a claim under Rule 12(b)(6) "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Collette v. Archdiocese of Chi.,* 200 F.Supp.730, 733 (N.D. Ill. 2016) (citing *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.,* 782 F.3d 922, 928 (7th Cir. 2015)). Plaintiff's Second Amended Complaint does not.

When determining whether an employee falls within the ministerial exception, a variety of factors may be important. Regarding teachers at religious schools, the Supreme Court has recognized that "educating young people in their faith, inculcating its teachings, and training them to live their faith are responsibilities that lie at the very core of the mission of a private religious school." *Our Lady of Guadalupe School,* 140 S. Ct. at 2061. When teachers are "entrusted most directly with the responsibility of educating their students in the faith," the ministerial exception applies to such educators. *Id.* at 2066.

Defendant seeks to set forth facts which would bring Plaintiff's teaching position within the ministerial exception by attaching and relying on the affidavits of Mark Briggs, Elder of

Redeemer Lutheran Church (D. 21-1), and Sue Skahill, Redeemer Early Learning Center Director (D. 22-2); (D. 28-1) to their Motion and Reply. However, those facts were neither included in the Second Amended Complaint, nor were the affidavits referred to. As a result, this Court cannot consider them in ruling on a Rule 12(b)(6) motion. Plaintiff's Second Amended Complaint contains no allegations regarding religion and her Response to Defendant's Motion denies her teaching position included any religious aspect. (D. 26).

## CONCLUSION

Based on the foregoing, Defendant's [20] Motion to Dismiss is DENIED. Defendant has twenty-one (21) days from the entry of this Order to file their answer and any affirmative defenses to the Second Amended Complaint.

IT IS ORDERED that the parties set a status conference with Magistrate Judge Hawley within twenty-one (21) days of this Order to set a limited discovery and dispositive motion schedule on Defendant's ministerial exception defense.

IT IS FURTHER ORDERED that Sue Skahill be TERMINATED as a Defendant in this case as she was not named as a Defendant in the Second Amended Complaint.

Entered on April 28, 2022.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge